J. A19045/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GEORGE DENTON MARTIN, | : | No. 1545 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered September 22, 2017,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0004746-2012

BEFORE: GANTMAN, P.J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 11, 2018**

George Denton Martin appeals ***pro se*** from the September 22, 2017 order entered in the Court of Common Pleas of Lancaster County that dismissed, without a hearing, his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The record reflects that on February 27, 2013, appellant entered a negotiated guilty plea to one count each of indecent assault person less than 13 years of age, involuntary deviate sexual intercourse with a child, corruption of minors, and unlawful contact with a minor[1] in connection with a sexual assault that appellant committed on December 11, 2011. Pursuant to the plea agreement, the trial court imposed an aggregate sentence of 8 to 20 years of

---

[1] 18 Pa.C.S.A. §§ 3126(a)(7), 3123(b), 6301(a)(1)(ii), and 6318(a)(1), respectively.

incarceration. Appellant failed to take a direct appeal. On March 25, 2014, appellant filed a counseled PCRA petition, which the PCRA court ultimately dismissed. A panel of this court affirmed the PCRA court's order denying appellant relief. *Commonwealth v. Martin*, No. 1441 MDA 2014, unpublished memorandum (Pa.Super. filed February 11, 2015).

On July 26, 2017, appellant filed the PCRA petition that is the subject of this appeal. The PCRA court filed its Rule 907 notice of intent to dismiss on August 30, 2017. Appellant filed a response and raised a new issue under *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). On October 3, 2017, the PCRA court dismissed appellant's petition.

Appellant filed a timely notice of appeal. The PCRA court then ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. Thereafter, the PCRA court filed its Rule 1925(a) opinion.

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally sound. *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa.

2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); ***see also Commonwealth v. Wharton***, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on February 27, 2013. Appellant failed to file a direct appeal to this court, and consequently, appellant's judgment of sentence became final on March 29, 2013, thirty days after imposition of sentence and the time for filing a direct appeal expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; ***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, appellant's petition, filed July 26, 2017, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are: when the government has interfered with the petitioner's ability to present the claim, when the appellant has recently discovered facts upon which his PCRA claim is predicated, or when either the Supreme Court of Pennsylvania or the Supreme Court of the United States has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); ***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa.Super. 2012). The

petitioner bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If a petitioner fails to invoke a valid exception to the PCRA time-bar, this court may not review the petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, appellant asserts the exception to the PCRA's timeliness requirement for a newly recognized constitutional right. Specifically, appellant challenges the retroactive application of the Sexual Offender Registration and Notification Act ("SORNA") based upon the Supreme Court of Pennsylvania's decision in *Muniz*, 164 A.3d 1189. Our supreme court filed its decision in *Muniz* on July 19, 2017. Appellant filed his petition on July 26, 2017, within 60 days of the supreme court's *Muniz* decision.

The record reflects that appellant was sentenced under Megan's Law III, which, in 2013, our supreme court struck down as violative of the single subject requirement of Article III, Section 3 of the Pennsylvania Constitution in *Commonwealth v. Neiman*, 84 A.3d 603, 607 (Pa. 2013). SORNA replaced Megan's Law III. In *Muniz*, our supreme court held that application of the registration requirements under SORNA to sexual offenders who committed their crimes before SORNA's effective date violates the *ex post facto* clause of the Pennsylvania Constitution. Therefore, retroactive application of SORNA would appear to violate the *ex post facto* clauses of the United States Constitution and the Pennsylvania Constitutions, as set forth

in *Muniz*. *See Muniz*, 164 A.3d at 1218-1219. Appellant, however, presents his claim in the context of an untimely filed PCRA petition.

In a case involving a timely filed PCRA petition, this court has held that "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa.Super. 2017). Because appellant's PCRA petition is facially untimely, however, he must satisfy the jurisdiction requirement set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii). To do so, appellant must demonstrate that the Supreme Court of Pennsylvania has held that *Muniz* applies retroactively. *See Commonwealth v. Murphy*, 180 A.3d 402, 406-407 (Pa.Super. 2018) (finding that when the PCRA petition is untimely filed, in order to satisfy the timeliness exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii)), a petitioner must demonstrate that the Supreme Court of Pennsylvania has expressly held that *Muniz* applies retroactively). Because at this time, no such holding has been issued by our supreme court, appellant cannot rely on *Muniz* to meet the timeliness exception set forth at Subsection 9545(b)(1)(iii). If, however, the Supreme Court of Pennsylvania issues a decision holding that *Muniz* applies retroactively, appellant can then file a PCRA petition, within 60 days of that decision, attempting to invoke the "new retroactive right" exception of Section 9545(b)(1)(iii).

Therefore, the PCRA court lacked jurisdiction to review appellant's petition, and we may not review the petition on appeal.

Order affirmed.[2]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2018

---

[2] On July 3, 2018, appellant filed a **pro se** "motion to expedite decision or for immediate decision" with this court.  We deny appellant's motion.